**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

No. 25-2358

R.C.B.,
Petitioner

v.

Attorney General United States of America

(Agency No. A078-949-752)

Present: BOVE, *Circuit Judge*.

Submitted is:

(1) Motion filed by Petitioner to recuse Hon. Judge Emil Bove III.

Respectfully,

Clerk

ORDER

While I disagree with the arguments in this recusal motion, I respect and appreciate counsel's efforts to advocate zealously on behalf of their client. The motion is denied for the following reasons.

*First*, counsel's argument based on the January 2025 memorandum that I issued as the Acting Deputy Attorney General is unserious. *See* Mot. 7-8. Anyone concerned about the language cherry-picked by counsel should read the whole memo, which is a series of directives requiring DOJ lawyers to enforce the laws that Congress passed to maintain order and protect the public. *See id.* Ex. A. Back then, that was my job. I am well aware that I have a different job now.

*Second*, counsel's efforts to tether this case to proceedings in the District of Massachusetts and the First Circuit are factually unsupported and legally unconvincing. I was not involved with this case prior to being assigned to this panel. Overlap of legal issues, if any, does not mandate recusal.

*Third*, recycling a failed pre-confirmation political smear, based on a June 2025 letter summarizing unsworn allegations from a former DOJ employee, does not advance this

recusal motion. *See* Mot. Ex. A. Counsel acknowledges that I have "disputed" the former employee's claims. Mot. 10. In fact, I rejected these untested allegations at length, under oath and in writing, prior to being confirmed.[1]

Counsel contend that the "accuracy" of the former DOJ employee's unsworn allegations is "not dispositive" because counsel are concerned about the "appearance" of the situation. Mot. 10. The pivot is all too convenient. The logic suggests that anyone can say anything about a judge and, irrespective of the truth, recusal will be necessary based on a party's self-serving perception of the "appearance." *See United States v. Microsoft Corp.*, 253 F.3d 34, 108 (D.C. Cir. 2001) ("If supported only by rumor, speculation, or innuendo, [a disqualification motion] is also a means to tarnish the reputation of a federal judge.").

In any event, one of the staunchest advocates for whistleblowers serving in the federal government today addressed the appearances arising from the former employee's allegations after interviewing four witnesses and reviewing the same documentation that counsel submitted with the recusal motion. In June 2025, the Chairman of the Senate Judiciary Committee pointed out that "[a]lmost none of the material references Mr. Bove at all."[2] Chairman Grassley also observed: "What we're witnessing has all the hallmarks of a political hit job timed for maximum media splash with minimum substance."[3] Tired talking points from the other side of the debate over my confirmation will not bear on my application of 28 U.S.C. § 455 in this case or any other.

*Fourth*, counsel's pile of Internet articles amplifying baseless attacks on my integrity and public service, generously characterized by counsel as "public reporting," does not require my recusal. Mot. 6.[4] Were it otherwise, I suspect I would not have much work to

---

[1] *E.g.*, Letter from Emil Bove to Senator Charles E. Grassley (July 29, 2025) [https://perma.cc/T3MP-2E9C] ("While I have no intention of disparaging the whistleblower process or witnesses that participate in it, I reject these claims.").

[2] Press Release, U.S. Senate Committee on the Judiciary, Grassley: Exhaustive Efforts to Vet Emil Bove's Nomination Prove He's Fit for the Job (July 29, 2025) [https://perma.cc/9MVY-G9J3].

[3] Press Release, U.S. Senate Committee on the Judiciary, Grassley Opens Executive Business Meeting, Speaks on Bove Nomination (July 17, 2025) [https://perma.cc/FG45-DBMM].

[4] Press Release, *supra* note 2 ("The coordinated media strategy involved a *New York Times* exclusive about the files, and a Democratic press release containing a misleading summary of the documents—all designed to smear Mr. Bove."); *see also id.* (Chairman Grassley stating that "eleventh-hour media smears by my colleagues based on information that was

do. As enticing as the prospect of more free time might sound to some, I have an obligation to decide cases to which I am assigned in an impartial manner. Be assured, I take every aspect of that obligation very seriously. I have committed my life to service pursuant to the oath I took when I started my work as a judge around this time last year. Nothing in counsel's motion suggests to me, much less demonstrates, that this is a case I cannot handle in a manner consistent with my oath.

* * *

This Court grants oral argument in cases with complex issues capably presented by good lawyers and litigants. This panel followed that practice for this case. To repeat, I respect the zealous-advocacy obligations of counsel and the other lawyers involved here, which I understand applied to this motion just like every other filing in the appeal. As in every case I handle, I look forward to continued zealous advocacy later this month when we gather for argument.

By the Court,

s/ Emil Bove
Circuit Judge

Dated: September 14, 2026
amr/Cc: All counsel of record

---

hidden from the Committee are unacceptable, and I won't stand for it as a delay and obstruction tactic.").